UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID T. MARRETT, et al., )<br> )<br>    Plaintiffs     )<br> )<br>    v.     )<br> )<br>AROOSTOOK COUNTY FEDERAL )<br>SAVINGS & LOAN, et al., )<br> )<br>    Defendants     ) | 1:24-cv-00300-JAW |

**ORDER ON MOTION TO DISQUALIFY COUNSEL**

Plaintiffs David and Sandy Marrett seek to assert claims against several defendants arising out of a state court foreclosure action. (*See* Complaint, ECF No. 1-1.) The defendants include Aroostook County Federal Savings & Loan (ACFS); the law firm of Marden, Dubord, Bernier & Stevens, P.A. (Marden Dubord); and the law firm of Monaghan Leahy, LLP (Monaghan Leahy). (*Id.* at 2.) Two members of Monaghan Leahy have entered an appearance for ACFS.

Plaintiffs move to disqualify Marden Dubord and Monaghan Leahy from representing ACFS. (Motion, ECF No. 9; Supplemental Filing in support of Plaintiffs' Motion to Disqualify Counsel at 2–5, ECF No. 10.) Plaintiffs contend that as named defendants, Marden Dubord and Monaghan Leahy cannot represent ACFS due to a conflict of interest. (*Id.*)

Following a review of Plaintiffs' motion and after consideration of the parties' arguments, the Court denies the motion in part and dismisses the motion in part.

## BACKGROUND

Plaintiffs seek damages and injunctive relief resulting from a state court foreclosure proceeding regarding their home. (Complaint at 22–23.) Plaintiffs allege claims against Marden Dubord and Monaghan Leahy for fraud and misrepresentation, abuse of process, civil conspiracy, and breach of fiduciary duty. (*Id.* at 14–20.) The complaint also includes claims against ACFS for violation of due process rights under § 1983, fraud and misrepresentation, violation of a federal law governing exempt property (12 C.F.R. § 1026.3), violation of the Real Estate Settlement Procedures Act, breach of contract, civil conspiracy, and breach of fiduciary duty. (*Id.* at 12–20.)

Attorneys Christine Kennedy-Jensen and Lauren K. Souza, both of Monaghan Leahy, entered their appearances on behalf of ACFS. (Entry of Appearance, ECF Nos. 7, 8.) As part of their motion, Plaintiffs assert that counsel for ACFS listed individuals from Marden Dubord for service notifications. (Supplemental Filing in Support of Plaintiffs' Motion to Disqualify Counsel at 2, ECF No. 10.) Plaintiffs contend that counsel cannot represent ACFS due to a conflict of interest under the Rules of Professional Conduct,[1] which conflict is imputed to their law firm. (*Id.* at 3.) Plaintiffs also argue that the individuals from Marden Dubord listed for service notifications have the same conflict. (*Id.*) The relevant rules cited by Plaintiffs are Rules 1.7 and 1.10.

---

[1] Plaintiffs allege violations of the American Bar Association (ABA) Model Rules of Professional Conduct. (Pl.'s Mot. to Disqualify Counsel at 4-5, ECF No. 9.) The District of Maine has adopted the Maine Rules of Professional Conduct and shall consider Plaintiffs' arguments under those rules. Loc. R. 83.3(e); M.R. Prof. Conduct preamble (stating that the Maine Rules of Professional Conduct follow the same numbering system as the ABA model rules and "as much as possible[] follow the language of the applicable ABA rules.").

Rule 1.7 states in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict-of-interest. A concurrent conflict-of-interest exists if:
>
> (1) the representation of one client would be directly adverse to another client, even if representation would not occur in the same matter or in substantially related matters; or
>
> (2) there is a significant risk that the representation of one or more clients would be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

M.R. Prof. Conduct 1.7(a). Rule 1.10 provides, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[] 1.7. . . ." M.R. Prof. Conduct 1.10(a).

## DISCUSSION

Disqualification of counsel by court order "is almost never cut-and-dried." *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 246 (1st Cir. 1989). The district court has "wide discretion" and the determination "ordinarily turns on the peculiar factual situation of the case then at hand." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 377 (1981)). The question of disqualification can be generated for a variety of reasons. As the First Circuit observed:

> It may be necessary, for instance, to assess the degree to which a lawyer's presence might taint the trial; the court's need to protect the integrity of the judicial process, enforce its rules against transgressors, and maintain public confidence in the legal profession; the litigants' interest in retaining counsel of their choosing; and the availability and relative efficiency of other sanctions.

*Id.*

"[W]hen a party includes an opposing party's counsel as a named defendant in an action . . . automatic or immediate disqualification" is not required. *Williams v. Bezos*, No. 1:17-cv-00043-GZS, No. 1:17-cv-00120-GZS, 2017 WL 2241503, at *3 (D. Me. May 22, 2017); *Shah v. Lorber*, No. 3:13-cv-103-JD-JEM, 2016 WL 1128259, at *2 (N.D. Ind. Mar. 22, 2016) ("[I]f the Court accepted the Plaintiff's argument" that counsel must be disqualified because their law firm is a named party then "any party would be able to successfully disqualify opposing counsel simply by naming them as party-opponent."). Disqualification of counsel might be necessary

> when counsel faces a conflict of interest that jeopardizes the interest of the client. However, even assuming that the party advocating disqualification is able to identify an actual violation of a code of conduct or disciplinary rule, "not every violation . . . will necessarily lead to disqualification." "The Court's practical task is to determine whether any alleged or actual conflict of interest would undermine its confidence in the attorney's representation of [their] client."

*Id.* (quoting *Hempstead Video Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)) (quoting *Pu v. Greenthal Mgmt. Corp.*, No. 1:08-cv-10084, 2009 WL 648898, at *4 (S.D.N.Y. Mar. 10, 2009)).

Courts have denied motions to disqualify counsel when the alleged violations of a code of conduct are too speculative. *See Shah,* 2016 WL 1128259, at *2–3; *Williams*, 2017 WL 2241503, at *3 (denying motion to disqualify in part because court could not determine if there was a conflict of interest when there were pending motions to dismiss and the court had not completed its preliminary review under § 1915); *Pu v. Greenthal Mgmt. Corp.*, No. 08 Civ. 10084(RJH)(RLE), 2009 WL 648898, at *8 (S.D.N.Y. Mar. 10, 2009). For example, in *Shah*, the court denied the plaintiff's motion to disqualify counsel when a law

4

firm was a named defendant and counsel for other defendants in part because the case was in its beginning stages, discovery had not begun, and motions to dismiss were pending resulting in some uncertainty regarding the parties that would remain as defendants. *Shah*, 2016 WL 1128259, at *1–3.

**A.   Monaghan Leahy**

Plaintiffs argue that Attorneys Kennedy-Jensen and Souza serving as counsel for ACFS while their law firm is a defendant "create[s] a significant risk that their legal strategies and decisions in defending the bank will be influenced by the need to protect their firm's interests. This situation not only compromises their ability to represent the bank effectively but also raises serious questions about the integrity of these proceedings." (Plaintiffs' Motion to Disqualify Counsel at 5.) Plaintiffs' argument suggests that the interests of ACFS and Monaghan Leahy are adverse in this case, but Plaintiffs have presented no evidence, and the record does not otherwise establish, that the interests are adverse. Additionally, because the case is in its initial stages—the Court has not completed its preliminary review of Plaintiffs' complaint (*see* Order on Amended Motion for Clarification, ECF No. 19)—and thus the relevant issues in the case are uncertain, Plaintiffs' request is arguably premature. On the current record, the Court discerns no basis to disqualify Attorneys Kennedy-Jensen and Souza as counsel for ACFS.

**B.   Marden Dubord**

Despite Plaintiffs' assertion that individuals with Marden Dubord are involved in the representation of ACFS, the record lacks any evidence from which the Court could conclude that Marden Dubord represents ACFS in this matter. No attorney from Marden

5

Dubord has entered an appearance for ACFS. Plaintiffs' motion as to Marden Dubord, therefore, does not present an issue that is appropriate for a judicial determination at this time.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiffs' motion to disqualify Attorneys Christine Kennedy-Jensen and Lauren K. Souza and Monaghan Leahy from representing the Aroostook County Federal Savings & Loan in this matter. The Court dismisses Plaintiffs' motion as to Marden Dubord.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2024.