UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID T. MARRETT, et ux._____)<br>_____)<br>_____Plaintiffs,_____)<br>_____)<br>v._____)<br>_____)<br>AROOSTOOK COUNTY FEDERAL___)<br>SAVINGS & LOAN, et al.,_____)<br>_____)<br>_____Defendants._____)| No. 1:24-cv-00300-JAW |

**ORDER ON MOTION TO RECUSE**

I reject the plaintiffs' motion for my recusal in this case because the plaintiffs' motion betrays a fundamental misunderstanding of my rulings in a prior case and is otherwise inexplicable.

**I.     BACKGROUND**

   **A.     The Marretts's Pending Federal Complaint**

On August 23, 2024, David T. and Sandy Marrett (the Marretts) filed in this court a nine-count, twenty-five-page complaint against Aroostook County Federal Savings & Loan (S&L); Progressive Realty; Beth Henderson; Justice B. Mallonee; Marden, Dubord, Bernier & Stevens, P.A, LLC; Monaghan Leahy, LLP; and Zurich Insurance Company.  *Compl.* (ECF No. 1).  The Marretts's complaint details a complicated history involving the foreclosure of their house at 35 York Street, Caribou, Maine in the case of *Aroostook County Federal Savings & Loan v. David Marrett, et. al.* CARSC-RE-2022-003/PENSC-REA-2022-32.  *Id.* at 1-26.

### B. My Prior Involvement: *Aroostook County Federal Savings & Loan*: 1-23-cv-00006-JAW

On January 5, 2023, the Marretts filed a notice of removal of the state foreclosure case to this court. *Aroostook Cnty. Fed. Savs. & Loan v. David T. Marrett*, 1:23-cv-00006-JAW, *Notice of Removal* (ECF No. 1). On January 17, 2023, the S&L filed a motion to remand the case to state court on the ground that the Marretts had failed to comply with the requirements for removal in the federal removal statute. *Pl./Countercl. Def. Aroostook Cnty. Fed. Sav. & Loan's Mot. to Remand* (ECF No. 6). On February 3, 2023, the Marretts filed their opposition. *Defs.' Opp'n to Pl.'s Mot. to Remand and Mot. to Grant Def.'s Mot. to Leave to Amend/Add Joiners Countercl.* (ECF No. 8). On February 17, 2023, the S&L filed a reply to the Marretts's opposition. *Pl. and Countercl. Def., Aroostook Cnty. Fed. Savs. & Loans' Reply in Support of its Mot. to Remand* (ECF No. 14). On April 10, 2023, I issued an order granting the S&L's motion to remand. *Order on Mot. to Remand* (ECF No. 17).

On May 9, 2023, the Marretts filed an emergency motion to stay the remand order, pending appeal and a motion for sanctions. *Emergency Mot. for Stay of Remand Order Pending Appeal and Pending Mot. for Sanctions* (ECF No. 19). On May 17, 2023, the S&L opposed the Marretts's motion. *Pl./Countercl. Def., Aroostook Cnty. Fed. Savs. & Loan's Opp'n to Defs./Countercl. Pls.' Emergency Mot. for Stay of Remand Order Pending Appeal and Pending Mot. for Sanctions* (ECF No. 20). On May 23, 2023, the Marretts filed a second emergency motion, this time for a more definite statement. *Emergency Mot. for a More Definite Statement* (ECF No. 21). On June 2, 2023, I issued an order denying the Marretts's motion to stay and dismissing

their motion for more definite statement. *Order on Mots. for Stay and for More Definitive Statement* (ECF No. 22). On June 13, 2023, the Clerk of this Court forwarded the case file to the Penobscot County Superior Court. (ECF No. 24).

### C. The Marretts's Motion to Recuse

On September 10, 2024, the Marretts filed a motion for me to recuse myself from this case because of my "previous involvement in a closely related case and actions that suggest potential bias or conflict of interest," which they say "raise reasonable questions as to [my] impartiality in this matter." *Mot. for Recusal of Judge John A. Woodcock, Jr.* at 1 (ECF No. 18) (*Pls.' Mot.*). The Marretts explain:

> In a related case that was previously before this court, Judge John A. Woodcock, Jr. issued an order remanding the case to state court based on a void state court order submitted by counsel for the Defendants. Plaintiffs later learned that this remand was improper, as the case was not removable due to the inclusion of the **Maine Department of Labor** as a defendant, which prevented federal jurisdiction.

*Id.* (emphasis in original). The Marretts continue:

> Following the remand, Plaintiffs submitted a **letter of clarification** to the Court, outlining the fact that the **law firm representing the Defendants had provided false information** in their pleadings, asserting that the case was removable when it was not. The law firm also submitted a **void order** to this Court in lieu of a proper response. Despite the serious nature of these allegations, **no response was provided by the Court.**

*Id.* at 2. (emphasis in original).

The Marretts state that shortly after the remand, there were significant personnel changes in the law firm representing the Defendants, which the Marretts believe were "a result of the misconduct exposed during the litigation and suggest that these issues may have been handled informally or behind closed doors without

proper judicial oversight or accountability." *Id.*  Then, citing 28 U.S.C. § 455(a) and (b)(1), the Marretts "respectfully request that Judge [Judge's Name] recuse himself from this case to ensure that the matter is heard by a judge who can review the issues with complete impartiality."[1]  *Id.* at 3.

### D. Aroostook County Federal Savings & Loan's Response

On September 10, 2024, the S&L filed its response.  *Def. Aroostook Cnty. Fed. Sav. & Loan's Resp. to Pls.' Mot. for Recusal of Judge John A. Woodcock, Jr.* (ECF No. 20).  The S&L said that it "takes no position on the relief requested" in the motion for recusal.  *Id.* at 1.  However, it denies "all allegations as they pertain to Defendant, Counsel and/or any law firm that is or was involved in this matter or the pending State Court litigation."  *Id.*

### E. The Marretts's Reply to Aroostook Country Federal Savings & Loan's Response

The Marretts replied on September 11, 2024.  *Pls.' Reply to Def.'s Opp'n to Mot. for Recusal of Judge John A. Woodcock, Jr.* (ECF No. 22).  In their reply, the Marretts say that the S&L response "not only fails to meaningfully address the serious

---

[1]   In their recusal motion, the Marretts write:

> For the reasons stated above, Plaintiffs respectfully request that Judge [Judge's name] recuse himself from this case to ensure that the matter is heard by a judge who can review the issues with complete impartiality.

*Pls.' Mot.* at 3.

The Court notes that the brackets around "[Judge's name]" are curious and may be evidence of carelessness.  The Court also notes that the Marretts are representing themselves in this matter and may be relying on a form or AI-generated motion.  Pro se pleadings are entitled to greater leniency, and I am solicitous about the obstacles pro se litigants face.  *Flanders v. Mass Resistance*, No. 1:12-cv-00262-JAW, 2013 U.S. Dist. LEXIS 71517, at *4-5 (D. Me. May 21, 2013).  At the same time, in the future, the Marretts should be more attentive when submitting pleadings to the court.

concerns raised in our motion but also contains contradictions that further validate our concerns about their improper conduct in this case." *Id.* at 1. The Marretts ask that I not only recuse myself but also "disqualify the law firm representing the Defendant due to their dual role as both **defendants and counsel**, which creates a clear **conflict of interest**."[2] *Id.* (emphasis in original).

The Marretts reiterate that I should recuse myself because I accepted "the void state court order, submitted by the law firm as documented in the federal docket" and this "directly influenced [my] decision to remand the case." *Id.* at 2. They also reiterate that I did not respond to their "letter of clarification outlining the procedural misconduct by the law firm and the improper removability of the case due to the inclusion of the Maine Department of Labor as a defendant." *Id.* at 3. The Marretts repeat that this "raises significant doubts about the fairness of [my] rulings." *Id.* Finally, they repeat their allegations about key personnel changes within the law firm and their suspicion that these matters were handled "behind the scenes." *Id.*

## II.   DISCUSSION

### A.   The Recusal Statutes

Section 455(a) of title 28 provides:

---

[2]  The Court will not further describe the Marretts's reply as regards their request that the Monaghan Leahy, LLP and Marden, Dubord, Bernier & Stevens law firms be disqualified.  First, whether these law firms should be disqualified is beyond the relief that the Marretts asserted in their motion for my recusal.  Second, the Marretts filed a separate motion to disqualify Monaghan Leahy and Marden Dubord.  *Pls.' Mot. to Disqualify Counsel for Aroostook Cnty. Fed. Sav. & Loan* (ECF No. 9).  Third, on September 11, 2024, the Magistrate Judge rejected their motion, denying it as to Monaghan Leahy and dismissing it as to Marden Dubord.  *Order on Mot. to Disqualify Counsel* at 6 (ECF No. 23).  Finally, the Marretts's demand that I both recuse myself and order the law firms disqualified is contradictory.

> **(a)** Any. . .judge. . .of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Section 455(a)(1) of title 28 provides:

> **(b)** He shall also disqualify himself in the following circumstances:
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

### B.   A Fundamental Misconception

The Marretts's motion for my recusal betrays a fundamental misconception about my order of remand in *Aroostook County Federal Savings & Loan v. David T. Marrett*, 1:23-cv-00006-JAW.  They seem to believe that my ruling was influenced by what they say is a void judgment in state court.  They are wrong.

As I explained in detail in my April 10, 2023 remand order, the reason I remanded this case to state court was based on somewhat arcane but still vibrant tenets of federal law.  *See Aroostook Cnty. Fed. Sav. & Loan v. Marrett*, No. 1:23-cv-00006-JAW, 2023 U.S. Dist. LEXIS 62072 (D. Me. Apr. 10, 2023).  In their notice of removal, the Marretts claimed federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337 based on federal claims in their counterclaim.  *Id.* at *4-5.  But, as I wrote in my April 10, 2023 order, federal question jurisdiction "cannot rest upon an actual or anticipated counterclaim."  *Id.* at *5 (quoting *KeyBank Nat'l Ass'n v. Katahdin Communs., Inc.*, No. 10-cv-141-B-W, 2010 U.S. Dist. LEXIS 57445, at *4-5 (D. Me. June 9, 2010)).

The Marretts's second asserted basis for federal jurisdiction was diversity under 28 U.S.C. § 1332.  *Id.* at *4.  Even though diversity jurisdiction potentially

6

existed because the parties were citizens of different states and the matter in controversy exceeded $75,000, the Marretts's attempt to remove the case to federal court failed because it was not timely filed. *Id.* at *5-6. Under federal statute, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .." 28 U.S.C. § 1446(b)(1). In this case, the Marretts "acknowledge[d] that Aroostook's complaint was filed on January 7, 2022, they were served on February 16, 2022, and they filed a notice of removal to this Court on January 5, 2023." *Aroostook Cnty. Fed. Sav. & Loan v. Marrett*, No. 1:23-cv-00006-JAW, 2023 U.S. Dist. LEXIS 62072, at *6. As the Marretts were significantly beyond the thirty-day requirement, on these facts, I was required to remand the case to state court. *Id.* at *6-7. In making this decision, I carefully reviewed the possibility that there might be a separate basis for excusing their delay, but I concluded that nothing provided a legal basis for federal jurisdiction. *Id.* at *7-12. From my perspective, there was nothing controversial or novel about my April 10, 2023 remand order.

The Marretts challenged the order by filing a motion to stay pending appeal and an emergency motion for a more definite statement. Applying First Circuit law, I concluded that their motions were not in order because the law provides no right to appeal an order remanding a case to state court. *Aroostook Cnty. Fed. Sav. & Loan v. Marrett*, No. 1:23-cv-00006-JAW, 2023 U.S. Dist. LEXIS 96068, at * 1-4 (D. Me. June 2, 2023).

In their motion for more definite statement, the Marretts accused Attorney William Druary of misconduct, stating that he submitted to this Court an order issued by Justice Bruce C. Mallonee, knowing the order was made in absence of jurisdiction, and they are upset that I did not rule on their accusation of attorney misconduct. But the reason I did not rule on that accusation is that, contrary to the Marretts's contention, Justice Mallonee's order did not affect my ruling on the motion to remand, which was instead based on a lack of federal question jurisdiction and an untimely removal.

I carefully explained the basis of my remand order to the Marretts in the prior case, and I reject any implication that my rulings reflect any bias or prejudice against them. Instead, their motion to recuse is grounded on a plain misunderstanding of my earlier rulings. In short, I see no facts in the Marretts's motion that would cause "a fully informed, rational observer . . . [to] have reason to question" my impartiality and fairness in their cases. *Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008). Moreover, as the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In assessing their motion to recuse, I have also been mindful that a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006). Here, there is no objective basis for my recusal.

### C. An Inexplicable Contention

The Marretts's contentions about my supposed bias are contradictory at best. This is what they say:

> Plaintiffs later learned that this remand was improper, as the case was not removable due to the inclusion of the **Maine Department of Labor** as a defendant, which prevented federal jurisdiction.

*Pls.' Mot.* at 1 (emphasis in original).

Aroostook County Federal Savings & Loan initiated the foreclosure against the Marretts in Superior Court for Aroostook County, and it was the Marretts who sought to remove the case to federal court. In the sentence quoted above, the Marretts claim that the removal, namely their own notice of removal, was improper because of the presence of the Maine Department of Labor in the case, thereby preventing federal jurisdiction. The Marretts cite no authority for their proposition that federal courts have no jurisdiction over cases involving state agencies, and I am aware of none. To the contrary, federal courts routinely exercise jurisdiction over state agencies, including in foreclosure cases where state agencies often appear to perfect their liens or other interests in the subject property. I am deeply skeptical that what the Marretts claim is the law on this point is in fact the law.

Nevertheless, in this statement, the Marretts are conceding that their case was never removable to federal court. In other words, they are conceding that I was correct to order a remand to state court. Yet somehow my remand order is now the basis for their recusal motion. I am mystified by Marretts's contradictory and inexplicable contentions.

9

### D. Summary

I thoroughly explained to the Marretts the basis of my remand order in the prior case, and I reject any implication that my rulings reflect any bias or prejudice against them. Instead, their motion to recuse is grounded on their odd misunderstanding of my earlier rulings or on other inexplicable grounds. In short, I see no facts in the Marretts's motion that would cause "a fully informed, rational observer . . . [to] have reason to question" my impartiality and fairness in their cases. *Swan*, 520 F.3d at 26. Moreover, as the United States Supreme Court has written, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. In assessing the Marretts's motion to recuse, I have also been mindful that a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d at 67. Here, there is no objective basis for my recusal.

### III. CONCLUSION

I DENY David T. Marrett and Sandy Marrett's Motion for Recusal of Judge John A. Woodcock, Jr. (ECF No. 18) because no reasonable person would question my impartiality based on my prior rulings and because I neither have personal bias or prejudice against the Marretts nor personal knowledge of any evidence in this case.

SO ORDERED.

        /s/ John A. Woodcock, Jr.
         JOHN A. WOODCOCK, JR.
         UNITED STATES DISTRICT JUDGE

Dated this 16th day of September, 2024