UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID T. MARRETT, et ux., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 1:24-cv-00300-JAW |
| AROOSTOOK COUNTY FEDERAL SAVINGS & LOAN, et al., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER AFFIRMING RECOMMENDED DECISION**

On August 23, 2024, David T. and Sandy Marrett (the Marretts) filed in this Court a nine-count complaint against Aroostook County Federal Savings & Loan (S&L); Progressive Realty; Beth Henderson; Justice B. Mallonee; Marden, Dubord, Bernier & Stevens, P.A, LLC; Monaghan Leahy, LLP; and Zurich Insurance Company. *Compl.* (ECF No. 1). The Marretts's complaint details a complicated history involving the foreclosure of their house at 35 York Street, Caribou, Maine in the case of *Aroostook County Federal Savings & Loan v. David Marrett*, *et. al.* CARSC-RE-2022-003/PENSC-REA-2022-32. *Id.* at 1-26. On August 23, 2024, the Marretts moved to proceed without prepayment of fees and costs. *Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs* (ECF No. 3). The Court granted this motion on August 26, 2024. *Order* (ECF No. 5).

The United States Magistrate Judge filed his Recommended Decision After Review of the Complaint on September 30, 2024, recommending that the Court dismiss the Plaintiffs' complaint pursuant to 28 U.S.C. § 1915. *Recommended*

*Decision After Rev. of Compl.* (ECF No. 25) (*Recommended Decision*). The Recommended Decision states that 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. *Id.* at 7. However, when a party is proceeding without prepayment of fees, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous" or "fails to state a claim on which relief may be granted." *Id.* (quoting 28 U.S.C. § 1915(e)(2)(B)).

On October 1, 2024, the Marretts filed a motion for reconsideration of the Recommended Decision. *Mot. for Recons.* (ECF No. 26). The Magistrate Judge denied the Marretts's motion for reconsideration on October 4, 2024, *Order on Mot. for Recons.* (ECF No. 27), and extended to October 18, 2024 the deadline for the Marretts to file an objection to the Recommended Decision. *Id.* at 3. On October 4, 2024, the Marretts filed an amended motion for reconsideration, which they title Amended Motion for Reconsideration and Objection to Recommended Decision and Order of Dismissal. *Am. Mot. for Recons. and Obj. to Recommended Decision and Order of Dismissal* (ECF No. 28) (*Am. Mot. for Recons.*); *Obj.* (ECF No. 29). On October 25, 2024, the Magistrate Judge denied the amended motion for reconsideration. *Order on Am. Mot. for Recons.* (ECF No. 32).

The Marretts's amended motion for reconsideration purports to contain an objection to the Recommended Decision; however, upon review, the Court notes that this filing contains one amended motion for reconsideration and does not separately contain an objection to the Magistrate Judge's Recommended Decision. *Am. Mot. for*

2

*Recons.* The Magistrate Judge issued an order on the Marretts's amended motion for reconsideration on October 25, 2024. *Order on Am. Mot. for Recons.* at 1. The Magistrate Judge cautioned the Marretts about their right to object to the order:

> Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*Id.* The Marretts failed to file an objection after the Magistrate Judge's October 25, 2024 order and therefore they have waived any right to object.

Even though the Marretts did not properly submit an objection to the Recommended Decision, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *MacDonald v. Cumberland Cnty. Sheriff*, No. 2:22-cv-00304-JAW, 2023 U.S. Dist. LEXIS 196607, at *5-6 (D. Me. Nov. 2, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Putting aside the question of whether the Marretts have properly objected (or objected at all) to the Recommended Decision, the Court has therefore reviewed the Recommended Decision and the Marretts's objection to determine the merits of their complaint.

For the reasons set forth by the Magistrate Judge, the Court agrees with the conclusions and recommendations of the Recommended Decision. The Magistrate Judge's Recommended Decision is a twenty-five-page analysis of the legal issues presented by the Marretts's complaint. It is a thorough, considered opinion, and the Marretts have raised no legal issues that have not been fully and carefully resolved against them by the Magistrate Judge. The Court made a de novo determination of

all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary.  The Court hereby AFFIRMS the Recommended Decision after Review of Complaint (ECF No. 25) and ORDERS that the Plaintiffs' Complaint (ECF No. 1) is DISMISSED without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2024

4